## A10A1609. SCOTT v. THE STATE.

(699 SE2d 897)

McMurray, Senior Appellate Judge.

Leon Gordon Scott III appeals from the superior court's order denying his plea in bar and motion to dismiss the indictment. For the reasons discussed below, we affirm.

The record reflects that on January 19, 2009, an officer with the Albany Police Department stopped Scott's vehicle. Scott received traffic citations for four misdemeanor offenses: operating a motor vehicle with an expired registration, possessing an open container of alcoholic beverage, failing to yield while turning left, and knowingly driving a motor vehicle with a suspended registration. During the stop, an officer searched Scott's vehicle and found a firearm that had been reported stolen. Two days later, a city detective applied for and obtained warrants to arrest Scott on two felony charges related to the firearm: theft by receiving stolen property and possession of a firearm by a convicted felon.

On February 25, 2009, Scott appeared in the City of Albany Municipal Court on the traffic-related misdemeanors. Scott pled guilty to the expired registration and open container charges, and nolo contendere to the failure to yield charge. The municipal court dismissed the suspended registration charge after Scott paid court costs of $100.

On March 25, 2009, a Dougherty County grand jury indicted Scott on the felony firearm-related charges. Scott filed a plea in bar and motion to dismiss the felony indictment. He argued that the indictment should be dismissed based upon substantive double jeopardy grounds stemming from the state and federal constitutions and procedural double jeopardy grounds under OCGA §§ 16-1-7 (b) and 16-1-8 (b). Additionally, Scott argued that further prosecution would violate his constitutional right to equal protection of the laws because of the allegedly arbitrary and capricious manner in which the Albany Police Department filed traffic citations with the municipal court.

After conducting two separate hearings, the superior court entered an order denying Scott's plea in bar and motion to dismiss. In its order, the superior court addressed the double jeopardy claims but not the equal protection claim. This appeal followed.

On appeal, Scott does not challenge the superior court's rejection of his substantive and procedural double jeopardy claims. Rather, Scott's sole contention is that the trial court erred in failing to conclude that his equal protection rights were violated based upon the alleged arbitrary and capricious conduct of the Albany Police Department. But even if this constitutional issue was properly raised in the proceedings below, the trial court never directly addressed it.

"And we cannot rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point." (Citation and punctuation omitted.) *Rock v. Head*, 254 Ga. App. 382, 386 (2) (562 SE2d 768) (2002). See *City of Decatur v. DeKalb County*, 284 Ga. 434, 437-438 (2) (668 SE2d 247) (2008); *Harper v. State*, 213 Ga. App. 611, 613 (2) (445 SE2d 300) (1994); *Decatur Fed. Sav. & Loan Assn. v. Litsky*, 207 Ga. App. 752, 755 (2) (429 SE2d 300) (1993); *Grice v. State*, 199 Ga. App. 829 (1) (406 SE2d 262) (1991). Accordingly, the equal protection issue is not properly before this Court and cannot be reviewed on appeal. See id.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED AUGUST 18, 2010.

*Leisa G. Terry, Kevin Armstrong*, for appellant.
*Gregory W. Edwards, District Attorney, Jana W. Allen, Assistant District Attorney*, for appellee.