In re Macon, Rodney Wayne; — Defendant; Applying for Supervisory and/or Remedial Writs, Parish of Caddo, 1st Judicial District Court Div. 2, No. 112,549; to the Court of Appeal, Second Circuit, No. 46,-696-KA.
 

 Granted.
 

 On July 14, 2011, the Second Circuit transferred this pending appeal to this Court because the dates of the appellant’s conviction, original sentencing, and order of appeal all came before July 1, 1982, and appeal to this Court thus appeared proper as a matter of La. Const, art. 5, § 5(E)(conferring exclusive appellate jurisdiction on the Supreme Court in a criminal case in which the order of appeal was signed before July 1, 1982). However, the present appeal involves the re-sentencing of appellant some 30 years after this Court affirmed his conviction for aggravated rape and sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for a crime committed when appellant was 16 years old.
 
 State v. Macon,
 
 394 So.2d 620 (La.1981). In 2010, appellant moved in the district court for resentencing pursuant to the Supreme Court’s recent decision in
 
 Graham v. Florida,
 
 560 U.S.-, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), not as an ancillary | proceeding of his original appeal in 1981, which had long since been final, but as an entirely separate proceeding to correct what appellant contended was an unconstitutional sentence under the
 
 Graham
 
 decision. Appellant disputes the manner in which the trial court resentenced him pursuant to
 
 Graham.
 
 He may appeal from that judgment, La.C.Cr.P. art. 912(C)(1)(a defendant may appeal from a judgment which imposes a sentence);
 
 State v. Lewis,
 
 350 So.2d 1197, 1198 (La.1977) (“Defendant does have the right to appeal from the imposition of the new sentence.”), and because the order of appeal of that sentence was signed on February 28, 2011, his appeal was properly lodged as an initial matter in the Second Circuit.
 
 Cf. State v. Dixon,
 
 610 So.2d 278 (La.App. 3rd Cir. 1992),
 
 writ denied,
 
 93-0464 (La.6/24/94), 640 So.2d 1336;
 
 State v. Flowers,
 
 598 So.2d 1144 (La.App. 1st Cir.1992). Accordingly, this appeal is transferred back to the Second Circuit to address the merits.