## A11A1558. MIDDLETON v. THE STATE.
### (721 SE2d 111)

BARNES, Presiding Judge.

Christopher Terrance Middleton appeals from the trial court's order denying his motion to correct a void sentence. He contends that his sentence was void as a matter of law because it violated the Eighth Amendment prohibition against cruel and unusual punishment.[1] For the reasons discussed below, we affirm.

The record reflects that in August 1998, Middleton pled guilty to one count of armed robbery, two counts of aggravated assault, one count of kidnapping, and one count of theft by taking. The charges arose after Middleton physically and sexually attacked a 54-year-old female victim and stole her car and money from her purse on September 14, 1997. Middleton was 14 years old when he attacked and robbed the victim.

Following Middleton's guilty plea, the trial court sentenced him to a twenty-year prison term for kidnapping and to a consecutive ten-year prison term for armed robbery, for a total of thirty years imprisonment. The court sentenced him to concurrent prison terms on the remaining counts. Pursuant to OCGA § 17-10-6.1, Middleton's 30-year sentence was without parole.

In November 2010, Middleton filed his motion to correct a void sentence, contending that his sentencing as a juvenile to 30 years imprisonment without the possibility of parole violated the prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution. He argued that his sentence was void under the reasoning of the United States Supreme Court's recent decision of *Graham v. Florida*, ___ U. S. ___ (130 SC 2011, 176 LE2d 825) (2010). The trial court denied the motion,[2] concluding that *Graham* was inapposite because Middleton was not

---

[1] Middleton also argues that the statute under which he was sentenced, OCGA § 17-10-6.1, violates the separation of powers clause of the Georgia Constitution. See Ga. Const. of 1983, Art. I, Sec. II, Par. III. While Middleton raised a challenge to the constitutionality of the statute in the trial court, that court did not specifically or distinctly rule on the challenge. Thus, his constitutional challenge to OCGA § 17-10-6.1 is not properly before this Court and cannot be reviewed on appeal. See *City of Decatur v. DeKalb County*, 284 Ga. 434, 437-438 (2) (668 SE2d 247) (2008); *Scott v. State*, 305 Ga. App. 595, 596 (699 SE2d 897) (2010).

[2] The trial court also denied Middleton's separate motion to reduce his sentence on the ground that the time for filing that type of motion had long since expired. Middleton does not challenge the trial court's ruling on that separate motion.

sentenced to a term of life imprisonment without the possibility of parole. This appeal followed.

The Eighth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment, provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." "The concept of proportionality is central to the Eighth Amendment. Embodied in the Constitution's ban on cruel and unusual punishments is the precept of justice that punishment for crime should be graduated and proportioned to the offense." (Citation and punctuation omitted.) *Graham*, ___ U. S. at ___ (II), 130 SC at 2021. Significantly, however, "[a] presumption arises when a defendant is sentenced within the statutory limits set by the legislature that such sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment." (Citation omitted.) *Cuvas v. State*, 306 Ga. App. 679, 683 (2) (703 SE2d 116) (2010).

For a court to find a punishment so disproportionate as to be cruel and unusual under the Eighth Amendment, the punishment must fall within one of two classifications. See *Graham*, ___ U. S. at ___ (II), 130 SC at 2021-2022. First, a punishment may be unconstitutionally cruel and unusual in the rare circumstance where the defendant's sentence is "grossly disproportionate" to the underlying crime. Id. at ___ (II), 130 SC at 2022. Second, a punishment is unconstitutionally cruel and unusual if it violates certain narrow "categorical restrictions" enunciated by the United States Supreme Court. *Graham*, ___ U. S. at ___ (II), 130 SC at 2021-2022. See, e.g., *Kennedy v. Louisiana*, 554 U. S. 407, 413 (128 SC 2641, 171 LE2d 525) (2008) (Eighth Amendment prohibits imposing death penalty upon defendants "where the crime did not result, and was not intended to result, in death of the victim"); *Roper v. Simmons*, 543 U. S. 551, 568 (III) (B) (125 SC 1183, 161 LE2d 1) (2005) (Eighth Amendment prohibits imposing death penalty upon a juvenile offender); *Atkins v. Virginia*, 536 U. S. 304, 321 (IV) (122 SC 2242, 153 LE2d 335) (2002) (Eighth Amendment prohibits imposing death penalty upon mentally retarded defendants).

Most recently, in *Graham*, the United States adopted a categorical restriction against "the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." *Graham*, ___ U. S. at ___ (III) (D), 130 SC at 2034. The Court explained that "[a] State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." Id.

Middleton's sole argument before the trial court was that his sentence violated the categorical restriction imposed in *Graham*. But

the juvenile offender in *Graham* was sentenced to life imprisonment without the possibility of parole, whereas Middleton was sentenced to a definite term of years without the possibility of parole. And as our own Supreme Court recently emphasized, "nothing in [*Graham*] affects the imposition of a sentence to a term of years without the possibility of parole." (Citation and punctuation omitted.) *Adams v. State*, 288 Ga. 695, 701 (4) (707 SE2d 359) (2011). Thus, the categorical restriction imposed in *Graham* is inapplicable to the present case, and the trial court committed no error in denying Middleton's motion to correct a void sentence.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED NOVEMBER 14, 2011 —
RECONSIDERATION DENIED DECEMBER 2, 2011 — 

*McNeill Stokes*, for appellant.

*Robert D. James, Jr., District Attorney, Matthew J. McCoyd, Deborah D. Wellborn, Assistant District Attorneys*, for appellee.