**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL XAVIER BELL, | No. 10-56405 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-03346-JFW-MLG |
| v. | |
| GREG LEWIS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 17, 2011
Pasadena, California

Before: GOODWIN, W. FLETCHER, and RAWLINSON, Circuit Judges.

Michael Xavier Bell appeals the district court's dismissal of his habeas petition. We have jurisdiction under 28 U.S.C. § 2253. Because Bell has failed to exhaust state remedies in light of *Graham v. Florida*, 130 S. Ct. 2011 (2010), we vacate and remand to the district court.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

When Bell was fourteen years old, he and an accomplice committed a series of crimes over a period of hours. A California jury convicted Bell of several counts of robbery, forcible rape, forcible oral copulation, and attempted kidnapping. He was sentenced to 54 years to life in state prison. Bell appealed his sentence to the California Court of Appeal, arguing that it was cruel and unusual punishment. The Court of Appeal rejected Bell's argument.

Several years later, Bell filed a petition for a writ of habeas corpus in district court. The State filed an Answer, in which it admitted that "the Petition is not barred by a failure to exhaust state remedies." After the State filed its Answer, the U.S. Supreme Court decided *Graham*, and the district court ordered supplemental briefing in light of that decision. The State submitted a supplemental brief discussing the implications of *Graham*. It did not raise the exhaustion issue in that brief.

On this appeal, Bell argues that his sentence of 54 years to life is cruel and unusual punishment. Bell relies on *Graham*, which held that the Eighth Amendment prohibits sentencing a juvenile who did not commit homicide to a life sentence without parole. *Graham*, 130 S. Ct. at 2034. Bell argues that the holding and reasoning in *Graham* extend to "de facto" life sentences and that his is such a sentence.

2

The State argues that Bell's claim is unexhausted, and we agree. The purpose of the exhaustion requirement is to ensure that state courts are the principal forum for asserting constitutional challenges to state convictions. *See Harrington v. Richter*, 131 S. Ct. 770, 787 (2011). The *Graham* decision itself states that "[i]t is for the State, in the first instance, to explore the means and mechanisms for compliance" with *Graham*'s holding. *Graham*, 130 S. Ct. at 2030.

Although Bell had exhausted state remedies at the time the State filed its Answer, the intervening *Graham* decision rendered Bell's claim unexhausted. *Graham* was decided after the state court rejected Bell's Eighth Amendment claim, and the state courts have not had an opportunity to determine whether Bell's sentence complies with the holding in *Graham*. Thus, Bell has not exhausted state remedies.

Bell argues that the State waived the exhaustion requirement by stating in its Answer that Bell had exhausted state remedies. That statement is not a waiver. It is merely a statement that was true at the time it was made. In light of *Graham*, however, that statement is no longer true. The State's failure to raise the exhaustion issue in its supplemental brief is also not a waiver because it was not express. *See* 28 U.S.C. § 2254(b)(3).

The remand will allow the district court to order a stay and abeyance in order to retain jurisdiction of Bell's federal habeas petition, in its discretion, while Bell exhausts available remedies in state court.

**VACATED** and **REMANDED**.