GASKINS, J.
hThe defendant, Rodney Wayne Macon, appeals from a trial court ruling on his post conviction relief application to correct an illegal sentence. For the following reasons, we amend the defendant’s sentence with instructions.
FACTS
On May 8, 1980, the defendant was convicted of aggravated rape which he committed when he was 16 years old. Under the law in effect at that time, the defendant was sentenced to serve life in prison without benefit of parole, probation, or suspension of sentence. His conviction was affirmed by the Louisiana Supreme Court in an unpublished opinion. See State v. Macon, 394 So.2d 620 (La.1981). Over the years, numerous applications for post conviction relief were filed on behalf of the defendant and were denied.
In 2010, the United States Supreme Court concluded that the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punish *663 ment, forbids the imposition of a sentence of life in prison without parole for a juvenile offender who did not commit a homicide. Graham v. Florida, — U.S.-, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). According to the Supreme Court, a State need not guarantee the offender eventual release, but if it imposes a sentence of life, it must provide him or her with some realistic opportunity to obtain release before the end of the term. The Supreme Court instructed that “a State is not required to guarantee eventual freedom to a juvenile offender convicted of a 12nonhomicide crime. What the State must do, however, is give defendants ... some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.” The Supreme Court went on to state that:
It bears emphasis, however, that while the Eighth Amendment forbids a State from imposing a life without parole sentence on a juvenile nonhomicide offender, it does not require the State to release that offender during his natural life. Those who commit truly horrifying crimes as juveniles may turn out to be irredeemable, and thus deserving of incarceration for the duration of their lives. The Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crime committed before adulthood will remain behind bars for life. It does forbid States from making the judgment at the outset that those offenders never will be fit to reenter society.
On July 9, 2010, the defendant filed an application for post conviction relief with the trial court, to correct an illegally excessive sentence under La. C. Cr. P. art. 882. He based his argument upon the new interpretation of the law set forth in Graham v. Florida, supra. A hearing in the trial court was held on the defendant’s post conviction relief application on February 14, 2011. The trial court vacated the defendant’s original sentence and resen-tenced him to life imprisonment without the benefit of probation or suspension of sentence for the first 50 years of the sentence. After serving 50 years of the sentence, the defendant would be eligible for parole. The defendant filed a motion to reconsider the sentence which was denied on February 23, 2011.
The defendant appealed, claiming that the new sentence imposed is illegal and constitutionally excessive under the Eighth Amendment to the RUnited States Constitution.[1] The defendant argues that there is no legal authority for the trial court to impose a sentence of life imprisonment with the benefit of parole. He contends that the sentence imposed by the trial court is illegal and that, under the established jurisprudence, the appropriate remedy would be to sentence him to the most serious penalty for the next lesser included offense which existed at the time of the commission of the offense.
*664 The defendant maintains that the 50-year period of ineligibility for parole is tantamount to a life without parole sentence because the parole eligibility limitation approaches the defendant’s life expectancy and effectively denies any realistic opportunity for future release.
DISCUSSION
The United States Supreme Court in Graham, v. Florida, supra, clearly struck down the imposition of a sentence of life in prison without parole for those who commit nonhomicide offenses while juveniles. This raises the issue of the appropriate procedure for correcting sentences which are illegal under Graham v. Florida, supra. After the trial court’s sentencing in this matter, the Louisiana Supreme Court issued a per curiam opinion concerning defendants who had been convicted of aggravated rape where the offenses were committed while the offenders were under the age 1 ¿of 18. State v. Shaffer, 11-1756, 11-1757, 11-1758 (La.11/23/2011), 77 So.3d 928, 933, 939, rehearing denied, (La.1/11/12). The first relator in that case, Shaffer, was convicted of aggravated rape which was committed while a juvenile and was sentenced to death. That sentence was vacated and the relator was sentenced to life in prison at hard labor. The second relator, Leason, was convicted of aggravated rape which was committed as a juvenile and was sentenced to life in prison at hard labor. Even though these two sentences did not preclude eligibility for parole, the relators argued that they were in fact ineligible for parole under La. R.S. 15:574.4(B) which states in pertinent part that no prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years. Also, La. R.S. 15:574.4(A)(2) provides in pertinent part that:
Unless eligible for parole at an earlier date, a person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five. This provision shall not apply to a person serving a life sentence unless the sentence has been commuted to a fixed term of years. [Emphasis supplied.]
The third relator, Dyer, was convicted of aggravated rape committed as a juvenile and was sentenced to life in prison at hard labor without the benefit of parole, probation, or suspension of sentence. Therefore, all three relators argued that their sentences were illegal under Graham v. Florida, supra. The relators in Shaffer argued that the proper remedy would be to resentence them according to the penalties provided for the lesser and included offense of attempted aggravated rape.
|sThe Louisiana Supreme Court found that the sentences of all three relators in Shaffer violated the mandate of the Graham case. However, it rejected the rela-tors’ argument that they should be resen-tenced to serve the penalty for attempted aggravated rape. In formulating the appropriate remedy to satisfy the mandate of Graham, the Louisiana Supreme Court amended Dyer’s sentence to delete the restriction on parole eligibility. The Department of Corrections was directed to revise Dyer’s prison master to reflect that his sentence is no longer without the benefit of parole. Further, the Department of Corrections was directed to revise all three relators’ prison masters according to La. R.S. 15:574.4(A)(2) to reflect eligibility for consideration by the Board of Parole.
*665 In a footnote, the Louisiana Supreme Court noted an argument by the state that the severance of the commutation proviso in La. R.S. 15:574.4(A)(2) could afford petitioner parole eligibility without rendering the essence of parole meaningless. The Louisiana Supreme Court also pointed out that the legislature addressed, but did not resolve the Graham, issue. In 2011, House Bill 115 provided that an inmate serving a life sentence for a nonhomicide crime committed as a juvenile would become eligible for parole consideration after serving 35 years of his sentence, subject to a variety of conditions. House Bill 115 failed final passage. According to the Louisiana Supreme Court, the legislature, by concurrent resolution, directed the Louisiana Law Institute to convene a task force to evaluate Louisiana law for compliance with Graham and to report back by | (¡January 1, 2012. The Louisiana Supreme Court stated that the decision in Shaffer is an interim measure pending the legislature’s response to Graham.
The Louisiana Supreme Court reiterated that it was not ordering the relators released on parole, stating that the determination of whether the relators may be released on parole falls within the exclusive purview of the Board of Parole, charged with the duty of ordering parole “only for the best interest of society, not as an award of clemency.” La. R.S. 15:574.4.1(B). The Louisiana Supreme Court stated that access to the Board’s consideration will satisfy the mandate of Graham.
In State v. Richards, 2011-0349 (La. App. 4th Cir.12/1/11), 78 So.3d 864, the fourth circuit considered the conviction and sentence of a defendant convicted in October 2010 for aggravated rape which was committed when the defendant was 17 years old. The defendant was sentenced to life in prison without benefit of parole, probation, or suspension of sentence. The defendant appealed, arguing insufficiency of the evidence and that his sentence was unconstitutionally excessive under Graham v. Florida, supra.
The fourth circuit affirmed the conviction, but followed the measures set forth in State v. Shaffer, supra. It amended the defendant’s sentence to delete the restriction on parole eligibility, directed the Department of Corrections to revise the defendant’s prison master to reflect that his sentence is no longer without benefit of parole, and instructed the Department of Corrections to revise the defendant’s prison master in 17accordance with the criteria in La. R.S. 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole.
In the present case, we find that the defendant’s legal position is exactly the same as that of Dyer in the Shaffer decision and the defendant in State v. Richards, supra. The defendant here, who was born on October 26,1962, was convicted of aggravated rape which was committed while a juvenile and was sentenced to serve life in prison without the benefit of parole, probation, or suspension of sentence. Under Graham v. Florida, supra, the portion of the sentence denying the defendant eligibility for parole for the entire term of his life sentence was illegal. The trial court attempted to alleviate the illegality by resentencing the defendant to serve life in prison with eligibility for parole after serving 50 years of the sentence. However, subsequent to the trial court’s decision, the Louisiana Supreme Court has given clear direction in Shaffer as to the appropriate remedy in cases such as this and we are bound to follow that mandate. Further, if the defendant were required to serve 50 years of his sentence before being eligible for consideration for parole, this defendant would be approximately 67 *666 years old. We find that this does not give the defendant a “meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation” as required by Graham v. Florida, supra.[2]
In this case, the defendant has been incarcerated at least since his conviction on May 8, 1980, and has served at least 31 years on his life | ^sentence. He is now approximately 49 years old. Because the defendant has already met the criteria of La. R.S. 15:574.4, in that he has served at least 20 years of the term of imprisonment and has reached the age of 45, we are bound in this case to follow the mandate of the Louisiana Supreme Court set forth in State v. Shaffer, supra. We amend the defendant’s sentence of life in prison to delete the restriction on parole eligibility and provide instructions regarding access to the Board of Parole’s consideration. Like the court in Shaffer, we reiterate that this court is not ordering the defendant’s release on parole. The determination of whether the defendant may be released on parole falls within the purview of the Board of Parole, charged with the duty of ordering parole “only for the best interest of society, not as an award of clemency.” La. R.S. 15:574.4.1(B). This fact is particularly relevant given the defendant’s significant psychiatric history. As noted in Shaffer, access to the Board’s consideration will satisfy the mandate of Graham.
DECREE
For the reasons stated above, because the defendant has met the criteria of La. R.S. 15:574.4 and has served at least 20 years of his life sentence and has reached the age of 45, we amend the sentence of the defendant, Rodney Wayne Macon, to delete the restriction on parole eligibility. The Department of Corrections is instructed to revise his prison master to reflect that his life sentence is no longer without the benefit of Rparole. Further, the Department of Corrections is directed to revise the defendant’s prison master according to the criteria in La. R.S. 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole.
SENTENCE AMENDED WITH INSTRUCTIONS.

. The defendant filed his appeal in this court; we transferred the appeal to the Louisiana Supreme Court because the dates of the defendant's conviction, original sentencing, and order of appeal all came before July 1, 1982, the date upon which the Louisiana Supreme Court relinquished exclusive appellate jurisdiction in criminal cases to the various intermediate appellate courts of this state. The Louisiana Supreme Court transferred the matter back to this court, reasoning that the present appeal involves the resentencing of the defendant more than 30 years after the Louisiana Supreme Court affirmed the conviction and sentence for aggravated rape. The Louisiana Supreme Court stated that the present matter is an entirely separate proceeding to correct what the defendant contends is an unconstitutional sentence under Graham v. Florida, supra. See State v. Macon, 2011-1731 (La.9/21/11), 70 So.3d 780.

. We also note that, if we affirm the trial court sentence of life imprisonment, with the first 50 years to be served without benefit of parole, then this defendant, whose situation is indistinguishable from Dyer, in the Shaffer case, and the defendant in State v. Richards, supra, would have to serve approximately 19 more years before he is eligible for parole consideration.