STEWART, J.
|, In the wake of Graham v. Florida, 560 U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the defendant, Thomas Hedges-peth, began pro se proceedings to obtain a reduction of his life sentence without benefit of probation, parole, or suspension of sentence for an aggravated rape committed when he was 17. See State v. Hedgspeth, 42,921 (La.App.2d Cir.1/9/08), 974 So.2d 150, writ denied, 2008-0467 (La.10/3/08), 992 So.2d 1008. The trial court resentenced Hedgespeth to life imprisonment but removed the restrictions as to the benefits of probation, parole, or suspension of sentence. For reasons explained in this opinion, we affirm the sentence with amendment to correct that part which is illegally lenient, namely, the removal of the restrictions as to the benefits of probation and suspension of sentence.
FACTS
On February 17, 2011, the defendant filed a pro se “Motion to Correct An Invalid And Illegal Sentence.” Citing Graham, supra, he argued that his life sentence without benefit of parole is invalid and must be vacated. He also argued that the trial court must impose a new sentence under the penalty provisions for the next lesser and included offense, which he asserted to be forcible rape carrying a sentence of not less than five nor more than forty years’ imprisonment at hard labor. See La. R.S. 14:42.1(B).
The trial court appointed counsel for the defendant and ordered briefing. After hearing the matter on December 7, 2011, the trial court sentenced Hedgespeth to “life imprisonment removing the without the benefit of probation, parole, and suspension of sentence, and ordering that |2the board of parole determine his eligibility for any parole.” Differing from the transcript, the minutes state that the trial court ordered the life sentence served without benefit of probation or suspension of sentence and with credit for time served. Hedgespeth filed a motion to reconsider the sentence, which was denied.
Alleging that he could find no nonfrivo-lous issues to raise on appeal, appellate counsel filed an Anders brief seeking to withdraw. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).
In a pro se brief, Hedgespeth argues that the trial court erred in sentencing him to life imprisonment with parole to be determined by the Board of Parole and that the matter should be remanded for the trial court to sentence him under the next lesser and included offense in accordance with State v. Craig, 340 So.2d 191 (La.1976).[1] He also argues that a life sentence with parole eligibility to be determined by *745 the Board of. Parole is illegal and conflicts with La. R.S. 15:574.4(B), which prohibits consideration for parole until a life sentence is commuted to a fixed term of years.
I «DISCUSSION
The United States Supreme Court in Graham, supra, held that the Eighth Amendment precludes life sentences without the possibility of parole for individuals who committed non-homicide offenses as juveniles. The Supreme Court did not require the release of such individuals. Rather, the Supreme Court instructed that the State provide “some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.” Id., 560 U.S. -, 130 S.Ct. at 2030.
Following the Graham opinion, the Louisiana Supreme Court in State v. Shaffer, 2011-1756 (La.11/23/11), 77 So.2d 939, a opinion, addressed the claims of three re-lators, all juvenile offenders who had been convicted of aggravated rape and given life sentences and who asserted that their sentences were in violation of Graham, supra. One defendant, Dyer, had been sentenced to life imprisonment with an express restriction against parole eligibility. The two others had received life sentences without express restrictions on parole eligibility. Relators argued that the appropriate remedy in light of the Graham decision would be to resentence them in accordance with the penalty provisions for the next lesser and included responsive verdict (attempted aggravated rape). The supreme court rejected this argument, thereby implicitly rejecting the remedy afforded in Craig, supra, relied on by Hed-gespeth. See also State v. Mason, 2011-1190 (La.App.4th Cir.4/11/12), 89 So.3d 405, wherein the court concluded that Shaffer, supra, precluded it from applying the Craig remedy to correct the illegal life sentence imposed for aggravated rape. To the | ¿extent that Hedgespeth seeks remand for resentencing under Craig, supra, we find no merit to his arguments.
The Shaffer opinion recognized that Graham, supra, required neither the immediate release of the relators nor a remedy that would guarantee their immediate release based on credit for time served. Rather, Graham, supra, required only that the state provide a “meaningful opportunity” for relators and other similarly situated persons to obtain release as part of the rehabilitative process. Shaffer, 77 So.3d at 942. Under Graham, supra, the court held that the Eighth Amendment prohibited the state from enforcing against rela-tors and other similarly situated persons the commutation provisos in La. R.S. 15:574.4(A)(2) and La. R.S. 15:574.4(B), both of which require commutation of a life sentence to a fixed term before parole consideration.
The remedy fashioned to satisfy Graham, supra, was to amend Dyer’s sentence to delete the restriction on parole eligibility. As stated, the other two relators had life sentences without express restrictions as to parole eligibility. The supreme court directed the Department of Corrections to revise Dyer’s prison master to reflect that his sentence would no longer be without the benefit of parole and to revise the prison masters of all three relators “according to La. R.S. 15:574.4(A)(2)[2] to reflect eligibility for consideration by the Board of Parole.” Shaffer, 77 So.3d at 943. By application of La. R.S. *746 15:574.4(A)(2), the Shaffer relators would become Ineligible for parole consideration upon serving at least 20 years of their terms of imprisonment and upon reaching the age of 45.
Following the Shaffer opinion, this court likewise held that the appropriate remedy for such an illegal sentence is to modify the life sentence to make the defendant eligible for parole consideration under the criteria set forth in La. R.S. 15:574.4(A)(2). See State v. Macon, 46,696 (La.App.2d Cir.1/25/12), 86 So.3d 662, writ denied, 2012-0395 (La.5/25/12), 90 So.3d 411.
In a footnote, the supreme court described its Shaffer decision as an “interim measure” pending legislative response to Graham. Shaffer, supra, fn. 6. The Legislature has responded by providing a means by which persons who were under the age of 18 at the time of the offense and are serving life sentences for convictions other than for first or second degree murder shall become eligible for parole consideration.
Acts 2012, No. 466, Section 1, effective August 1, 2012, amended La. R.S. 15:574.4(B) to read, in pertinent part, “Except as provided in Subsection D, no prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years.” The newly added Subsection D provides:
D. (1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1), shall be eligible for parole consideration pursuant to the provisions of this Subsection if all of the following conditions have been met:
(a) The offender has served thirty years of the sentence imposed.
L(b) The offender has not committed any disciplinary offenses in the twelve consecutive months prior to the parole eligibility date.
(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
(d) The offender has completed substance abuse treatment as applicable.
(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:
(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.
(h) If the offender was convicted of aggravated rape, he shall be designated a sex offender and upon release shall comply with all sex offender registration and notification provisions as required by law.
(2) For each offender eligible for parole consideration pursuant to the provisions of this Subsection, the board shall meet *747 in a three-member panel and each member of the panel shall be provided with and shall consider a written evaluation of the offender by a person who has expertise in adolescent brain development and behavior and any other relevant evidence pertaining to the offender.
(3) The panel shall render specific findings of fact in support of its decision.
The amendment of La. R.S. 15:574.4(B) and the enactment of La. R.S. 15:574.4(D) essentially overrule Shaffer, supra, to the extent that it |7directed revision of relators’ prison masters according to the criteria of La. R.S. 15:574.4(A)(2) concerning their eligibility for parole consideration. However, enactment of Subsection D to govern eligibility for parole consideration for those individuals who fall under Graham, supra, does not overrule the Shaffer remedy of amending the illegal sentence to remove the restriction on parole eligibility. Amendment to remove the restriction as to parole would now automatically trigger the provisions of La. R.S. 15:574.4(D), which we presume to be constitutional,[3] regarding eligibility for parole consideration.
In line with Shaffer, supra, Macon, supra, and the enactment of La. R.S. 15:574.4(D), we find no merit to the defendant’s argument that his new sentence conflicts with the pre-amendment provisions of La. R.S. 15:574.4(B) requiring commutation of a life sentence to a fixed term before consideration for parole eligibility. The trial court’s removal of the restriction as to the benefit of parole is in line with the remedy crafted in Shaffer, supra, and will make the defendant eligible for parole consideration under the new statutory scheme set forth- at La. R.S. 15:574(D).
Finally, we noted above a conflict between the transcript and the minutes regarding the new sentence imposed by the trial court. According to the transcript, the trial court imposed a sentence of “life imprisonment removing the without the benefit of probation, parole, or suspension of sentence.” However, the minutes state that sentence was imposed “without benefit of probation or suspension of sentence.” Where there is a conflict | ^between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). The penalty provision for aggravated rape provides that the offender “shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.” La. R.S. 14:42(D)(1). This is a mandatory sentence. While the Shaffer decision permits resentencing without the restriction as to parole so as to comply with Graham, supra, it does not support amendment of a mandatory life sentence to remove the restrictions as to probation or the suspension of the sentence. We find that the trial court imposed an illegally lenient sentence, which is subject to correction on appeal. Under La. C. Cr. P. art. 882, an illegal sentence may be corrected at any time by the court that imposed the sentence or by the appellate court on review.
Therefore, we amend the defendant’s sentence to life imprisonment at hard labor without benefit of probation or suspension of sentence. We also note that the trial court did not order that the defendant’s prison master be revised to reflect that his sentence is no longer without the benefit of parole such that he may become eligible for parole under the criteria provided by law. Therefore, we order the *748 Department of Corrections to make this revision.
CONCLUSION
For the reasons explained, the defendant’s sentence is hereby amended to life imprisonment at hard labor without benefit of probation and suspension of sentence. The Department of Corrections is hereby ordered to revise the defendant’s prison master to reflect that his sentence is no longer |9without benefit of parole. Appellate counsel’s motion to withdraw is granted.
SENTENCE AFFIRMED AS AMENDED.
MOTION TO WITHDRAW GRANTED.

. In Craig, supra, the supreme court invalidated the mandatory death penalty for aggravated rape convictions in the wake of Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976). The remedy for the unconstitutional sentences was to remand the case for resentencing of the defendant to the most serious penalty for a lesser and included offense.

. In holding that the state may not enforce the commutation provisos in La. R.S. 15:574.4(A)(2) and R.S. 15:574.4(B) against relators and other similarly situated persons, the supreme court explained that the provisions of the former, La. R.S. 15:574.4(A)(2), offered objective criteria that might allow the state to comply with Graham. Shaffer, supra.

. Statutes are presumed to be constitutional. State v. Granger, 2007-2285 (La.5/21/08), 982 So.2d 779; State v. Fleury, 01-0871 (La.10/16/01), 799 So.2d 468.