ZAGER, Justice
(concurring in part and dissenting in part).
I concur in the majority opinion which affirmed Null’s convictions and the rulings on the claims of ineffective assistance of counsel. I respectfully dissent as to the reversal of the defendant’s sentence.
Both the majority opinion and Justice Mansfield’s opinion provide the factual background which leads us here, so I will not recite these facts again as part of this opinion. Because Null was sentenced before Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), we must answer the threshold question of whether Miller applies to the term-of-years sentence imposed by the district court. Next, we need to determine whether it was an abuse of discretion by the district court in sentencing Null to consecutive sentences rather than a concurrent sentence.
I. Miller Does Not Apply to Null’s Sentence.
The majority opinion does an excellent job of tracing the evolution of the Eighth Amendment jurisprudence involving juvenile offenders. I also agree that juveniles are constitutionally different from adults for imposition of a state’s harshest penalties — either the death penalty or life without parole (LWOP). As the majority properly notes, however, none of the cases in the trilogy of Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Miller, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407, involved sentences for lengthy terms of years that were not LWOP. Nor do these cases specifically address an aggregate term-of-years sentence. “ ‘[I]t would be a great stretch to say that Graham meant to require legislatures and courts to treat youths and adults differently in every respect and every step of the criminal process.’ ” People v. Pacheco, 2013 IL App (4th) 110409, 372 Ill.Dec. 406, 991 N.E.2d 896, 906-07, 2013 WL 3193670, at *10 (Ill.App.Ct.2013). Further, while the majority concludes that the Miller principles are fully applicable to a lengthy term-of-years sentence (functional equivalent or de facto LWOP), I am not prepared to reach the same conclusion.
I acknowledge that there is a split of authority on whether Miller or Graham should be applicable to a term-of-years sentence. Numerous courts have held that a term-of-years sentence, however long, does not fall within the principles of Graham and Miller.[16] Other courts have *85 found that Graham prohibits any term-of-years sentence that prevents the defendant from receiving a meaningful opportunity to obtain release.[17] Based upon this split of authority, and the underlying reasoning not to extend the principles of Graham and Miller to term-of-years sentences for juveniles, I would conclude that no resentencing is necessary here.
An expansion of the Graham and Miller requirements to cases involving term-of-years sentences similar to Null’s would also lead to uncertainty and confusion.
As the Sixth Circuit notes in Bunch v. Smith:
“At what number of years would the Eighth Amendment become implicated in the sentencing of a juvenile: twenty, thirty, forty, fifty, some lesser or greater number? Would gain time be taken into account? Could the number vary from offender to offender based on race, gender, socioeconomic class or other criteria? Does the number of crimes matter? There is language in the Graham majority opinion that suggests that no matter the number of offenses or victims or type of crime, a juvenile may not receive a sentence that will cause him to spend his entire life incarcerated with *86 out a chance for rehabilitation, in which case it would make no logical difference whether the sentence is “ ‘life’ ” or 107 years. Without any tools to work with, however, we can only apply Graham as it is written.”
685 F.3d at 546, 552 (6th Cir.2012) (footnote omitted) (quoting Henry v. State, 82 So.3d 1084, 1089 (Fla.Dist.Ct.App.2012), review granted, 107 So.3d 405 (Fla.2012)), cert. denied, 569 U.S.-, 133 S.Ct. 1996, 185 L.Ed.2d 865 (2013).
The majority also notes that after Miller, the Supreme Court in several cases involving aggregate crimes, granted certio-rari, vacated the sentence, and remanded the cases for reconsideration in light of Miller. However, each of the cases cited by the majority requiring remand included the predicate LWOP sentence in a homicide context which is distinguishable from the term-of-years sentence imposed in Null. See Blackwell v. California, 578 U.S. -, -, 133 S.Ct. 837, -, 184 L.Ed.2d 646, 646 (2013) (granting, vacating, and remanding People v. Blackwell, 202 Cal.App.4th 144, 134 Cal.Rptr.3d 608, 618 (2011) (life-without-parole sentence for first-degree murder, burglary of an inhabited dwelling, and attempted robbery of an inhabited dwelling)); Mauricio v. California, 568 U.S. -, -, 133 S.Ct. 524, 524, 184 L.Ed.2d 335, 335 (2012) (granting, vacating, and remanding People v. Mauricio, No. B224505, 2011 WL 5995976, at *9 (Cal.Ct.App. Nov. 28, 2011) (unpublished opinion) (three life-without-parole sentences for juvenile convicted of three counts of first-degree murder)); Bear Cloud v. Wyoming, 568 U.S. -, -, 133 S.Ct. 183, 183-84, 184 L.Ed.2d 5, 5 (2012) (granting, vacating, and remanding Bear Cloud v. State, 275 P.3d 377, 402 (Wyo.2012) (life-without-parole sentence for juvenile convicted of first-degree murder, conspiracy to commit aggravated burglary, and aggravated burglary)); White-side v. Arkansas, 567 U.S. ——, -, 133 S.Ct. 65, 66, 183 L.Ed.2d 708, 708 (2012) (granting, vacating, and remanding Whiteside v. State, 2011 Ark. 371, 383 S.W.3d 859, 865-66 (2011) (life-without-parole sentence for juvenile for capital murder and thirty-five years for aggravated robbery)). Rather than suggesting that these cases were remanded by the Supreme Court based on an aggregation of sentences, it is my opinion that the cases were summarily remanded for precisely what Miller requires: no imposition of LWOP without an individualized assessment of the juvenile utilizing the Miller factors.
Clearly there is no overall consensus that Graham or Miller should apply to cases involving a de facto or functional equivalent of LWOP. The United States Supreme Court has had the opportunity to review cases that would allow it to expand the reasoning in Graham and Miller to cases of de facto life sentences very similar to the one given to Null, and it has declined to do so. See, e.g., Bunch, 685 F.3d at 552 (stating that since the defendant was not sentenced specifically to “life without parole,” there is no violation under Graham, and if “the [United States] Supreme Court has more in mind, it will have to say what it is”), cert. denied, 569 U.S. -, 133 S.Ct. 1996, 185 L.Ed.2d 865. In the absence of further direction and guidance from the United States Supreme Court, I would not expand the requirements of Graham and Miller to juvenile sentences for a term of years. Therefore, I would affirm the sentence imposed by the district court.
II. The District Court Did Not Abuse Its Discretion in Making Null’s Sentences Consecutive.
Null argues that the district court abused its discretion by imposing consecutive sentences. The majority does not *87 reach the question, but does recognize that the question of whether a defendant’s sentences will run concurrently or consecutively ordinarily “rests within the sound discretion of the district court.” As we have previously observed,
the decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and -will only be overturned for an abuse of discretion or the consideration of inappropriate matters.
State v. Formaro, 638 N.W.2d 720, 724 (Iowa 2002). Further, we will only find an abuse of discretion if “we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable.” Id.
In order to comply with its statutory duty, the district court is required to determine a sentence based on what “is authorized by law for the offense,” and which sentence will, “in the discretion of the court, ... provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.” Iowa Code § 901.5 (2009).
We have provided guidance to district court judges in applying their discretion, stating that judges should
“[wjeigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant’s age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual.”
State v. Leckington, 713 N.W.2d 208, 216 (Iowa 2006) (quoting State v. August, 589 N.W.2d 740, 744 (Iowa 1999)). We have consistently stated that “[a] statement may be sufficient, even if terse and succinct, so long as the brevity of the court’s statement does not prevent review of the exercise of the trial court’s sentencing discretion.” State v. Hennings, 791 N.W.2d 828, 838 (Iowa 2010) (citation and internal quotation marks omitted).
In pronouncing sentence here, the district court emphasized that Null had received “significant juvenile court intervention ... that date[d] back to ... at least early 2005 according to the presentence report.” The court noted Null’s resistance to offered interventions and stated, “I can’t lose sight also that Mr. Null went to this apartment with a loaded gun and the victim was shot in the head.” The court concluded: “[Biased on all the information before me, I feel that consecutive sentences are appropriate in this case.” The court articulated the reasons for the conclusion as follows:
In determining the sentence as I have summarized here in open court, I have considered the entirety of the presen-tence report including the recommendation that was made by the report writer. I did consider that and determined that I was not going to follow that recommendation.
I consider the nature and circumstances of the offenses, consider the history and characteristics of the Defendant including his age and prior interventions that I have mentioned. I have considered the recommendation of both counsel in this case. I find the sentence that I have imposed offers the Defendant the maximum opportunity for rehabilitation, balanced against the interests of the community, not only protecting the community but also in receiving justice for what can only be described as a tragedy for all.
*88 I conclude that the district court did not abuse its discretion in sentencing Null to consecutive sentences for his very serious crimes.
III. Conclusion.
For the foregoing reasons, I would affirm the sentence imposed by the district court.

. See Bunch v. Smith, 685 F.3d 546, 551-52 (6th Cir.2012) (finding a state court’s determination that a juvenile petitioner's eighty-nine-year sentence did not violate the Eighth Amendment was reasonable, and also noting that “no federal court has ever extended Graham 's holding beyond its plain language to a juvenile offender who received consecutive, fixed-term sentences”), cert. denied, 569 U.S. *85 -, 133 S.Ct. 1996, 185 L.Ed.2d 865 (2013); Goins v. Smith, No. 4:09-CV-1551, 2012 WL 3023306, at *2, *6 (N.D.Ohio July 24, 2012) (unpublished opinion) (citing Bunch, 685 F.3d at 551, to conclude that an eighty-four-year sentence is not unconstitutional); Bell v. Haws, No. CV09-3346-JFW (MLG), 2010 WL 3447218, at *8-10 (C.D.Cal. July 14, 2010) (unpublished opinion) (concluding that sentence of fifty-four years without parole did not violate Graham because Graham only applies to life sentences), vacated for failure to exhaust state remedies sub nom. Bell v. Lewis, 462 Fed.Appx. 692, 693 (9th Cir.2011); State v. Kasic, 228 Ariz. 228, 265 P.3d 410, 413, 415 (Ct.App.2011) (upholding aggregate sentence of 139.75 years and declining to extend the reasoning in Graham); Walle v. State, 99 So.3d 967, 968, 971 (Fla.Dist.Ct.App.2012) (concluding that effective total sentence of ninety-two years did not constitute cruel and unusual punishment or fall within the parameters of Graham); Henry v. State, 82 So.3d 1084, 1086, 1089 (Fla.Dist.Ct.App.2012) (concluding that ninety-year sentence was constitutional under Graham and refusing to apply Graham to a term-of-years sentence without further guidance from United States Supreme Court), review granted, 107 So.3d 405 (Fla.2012); Manuel v. State, 48 So.3d 94, 97, 98 n. 3 (Fla.Dist.Ct.App.2010) (applying Graham to juvenile offender’s sentence of life without parole, but holding forty-year sentence on second conviction constitutional), cert. denied, — U.S. -, 132 S.Ct. 446, 181 L.Ed.2d 259 (2011); Middleton v. State, 313 Ga.App. 193, 721 S.E.2d 111, 112-13 (2011) (concluding that aggregate sentence of thirty years without parole for multiple convictions did not implicate Graham because the defendant received a term-of-years sentence), cert. denied, - U.S. — -, 133 S.Ct. 867, 184 L.Ed.2d 679 (2013); State v. Brown, 118 So.3d 332, 335, 2013 WL 1878911, at *5-6, *15 (La.2013) (finding seventy-year sentence for "multiple offenses resulting in cumulative sentences matching or exceeding his life expectancy” is constitutional, as Graham is not applicable).

. United States v. Mathurin, No. 09-21075-Cr, 2011 WL 2580775, at *3 (S.D.Fla. June 29, 2011) (unpublished opinion) (concluding that a mandatory minimum federal sentence of 307 years imprisonment for a juvenile was unconstitutional); People v. Caballero, 55 Cal.4th 262, 145 Cal.Rptr.3d 286, 282 P.3d 291, 295 (2012) (concluding that "[sjentenc-ing a juvenile offender for a nonhomicide offense to a term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy constitutes cruel and unusual punishment”); Floyd v. State, 87 So.3d 45, 47 (Fla.Dist.Ct.App.2012) (concluding two consecutive forty-year sentences violated Graham because the consecutive sentences were "the functional equivalent of a life sentence without parole”); State v. Macon, 86 So.3d 662, 665-66 (La.Ct.App.2012) (holding that serving fifty years before parole consideration violated Graham because the offender would be sixty-seven by that time and would therefore have no " ‘meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation’ ”), writ denied, 90 So.3d 411 (La.2012).