THERIOT, J.
|2The defendant, Bradley Lee Jenkins, was charged by grand jury indictment with three counts of aggravated rape of a minor under the age of thirteen, in violation of La. R.S. 14:42(A)(4). The defendant initially pled not guilty and not guilty by reason of insanity, and filed a motion to appoint a sanity commission to determine his competency to stand trial. The parties stipulated to the doctors’ reports and the trial court found the defendant competent to proceed. The defendant then withdrew his former pleas and entered a plea of not guilty on all counts.
Following a trial by jury, the defendant was found guilty as charged on counts one and two, and was found guilty of the responsive offense of attempted aggravated rape on count three, in violation of La. R.S. 14:42(A)(4) and La. R.S. 14:27(D)(l)(a). The trial court denied the defendant’s motion for new trial and motion for post-verdict judgment of acquittal. The trial court sentenced the defendant on counts one and two to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence, and on count three to thirty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The trial court ordered that the sentences be served concurrently. The trial court denied the defendant’s motion to reconsider sentence.
The defendant now appeals. For the following reasons, we affirm the convictions; amend the sentences imposed on counts one and two to recognize that parole eligibility shall be governed by La. R.S. 15:574.4(D), and affirm those sentences as amended; and affirm the sentence imposed on count three.
1 ¡ASSIGNMENT OF ERROR
In the defendant’s lone assignment of error, he argues that the trial court erred by imposing upon him life sentences without the possibility of parole on counts one and two. The defendant points out that he was a juvenile at the time of the offenses, *1177 argues that the sentences were unconstitutionally excessive, and avers that the sentences should be set aside and the matter remanded to the trial court for resentenc-ing.

DISCUSSION

The facts of this case are not in dispute. The defendant was convicted based upon his sexual abuse of his three minor nieces, the victims, K.N., K.P., and S.N.[1] The 'defendant was found guilty on count one for the aggravated rape of K.N., guilty on count two for the aggravated rape of K.P., and guilty on count three for the attempted aggravated rape of S.N. The defendant was between fifteen and seventeen years of age at the time of the commission of the subject offenses.[2] The trial court sentenced the defendant to life imprisonment at hard labor without the benefit of proba-tionj parole, or suspension of sentence on counts one and two.
The U.S. Supreme Court has issued a string of cases applying the Eighth Amendment’s prohibition of cruel and unusual punishment to limit the punishment that may be imposed on juvenile defendants. The controlling jurisprudence for the instant case is Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). There, the Supreme Court held that the Eighth Amendment categorically prohibits the imposition of life sentences without the benefit of parole eligibility on juvenile offenders |4who commit non-homicide crimes. Graham, 560 U.S. at 82, 130 S.Ct. 2011. In that case, the Supreme Court instructed that the State must impose a sentence that provides “some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.” Graham, 560 U.S. at 75, 130 S.Ct. 2011.
On appeal, the defendant contends that the trial court was laboring under a mistaken presumption as to the appropriate sentencing range in imposing the life sentences without parole against him on counts one and two. He argues that the trial court’s erroneous presumption regarding the applicable. sentencing range constitutes an error of law that must be set aside. He concludes that this court should set aside the sentences and remand this case for resentencing in compliance with Graham. In brief, the State concedes the sentences imposed on counts one and two are illegally harsh, but argues that remand is unnecessary. The State contends the sentences should be amended to remove the parole restrictions. The State’s position has merit.
In response to Graham, the Louisiana Legislature enacted La. R.S. 15:574.4(D), which provides that, notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first-degree or second-degree murder, shall be eligible for parole consideration upon meeting the conditions set forth therein. See generally, State v. Brown, 12-0872 (La.5/7/13), 118 So.3d 332, 340.
In the instant case, we can correct the unconstitutionally excessive sentences imposed upon the defendant on counts one and two by amendment on appeal. See State v. Graham, 14-1769 (La.App. 1 Cir. 4/24/15), 171 So.3d 272, 280 (“[T]he appro *1178 priate remedy involving a situation of a minor | .¡sentenced to life imprisonment without parole for a non[-]homicide crime is to let stand the life sentence, but: delete the restriction on parole eligibility.”). Therefore, we remove the restriction as to parole eligibility and amend the defendant’s sentences on counts one and two to life imprisonment at hard labor. Such amendment automatically triggers the parole eligibility provisions of La. R.S. 15:574.4(D). See State v. Hedgespeth, 47,-523 (La.App. 2 Cir. 11/14/12), 107 So.3d 743, 747, writ denied, 12-2594 (La.5/3/13), 113 So.3d 210. The Department of Corrections- is directed to revise the defendant’s prison master to reflect that ■ his sentences on counts one and two are no longer without benefit of parole.

DECREE

. For the foregoing reasons, the defendant’s . convictions are affirmed. We amend the sentences imposed on counts one and two to life imprisonment at hard labor, and affirm these sentences as amended. The defendant’s sentence on count three is affirmed. The Department of Corrections is hereby ordered to revise the defendant’s prison master in accordance with this opinion.
CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE AND TWO AMENDED, AND AFFIRMED AS AMENDED; AND SENTENCE ON COUNT THREE AFFIRMED.

. K.N. was bom on May 10, 2003; K.P was born on April 15, 2006; and S.N. was born on July 25, 2007. In order to protect the identity of these minor victims, we reference the child victims by initials. See La. R.S. 46:1844(W).

. The record reflects that the defendant was born on July 17, 1996, and that the offenses were committed between July 17, 2011, and August 31, 2013.